(673 P.2d 455)
No. 55,411

STATE OF KANSAS, *Appellee,* v. ROBERT D. JONES, *Appellant.*

Opinion filed December 22, 1983.

P. J. Conderman, of Iola, for the appellant.

Douglas A. Price, county attorney, and Robert T. Stephan, attorney general, for the appellee.

Before FOTH, C.J.; TERRY L. BULLOCK, District Judge, Assigned; and FREDERICK WOLESLAGEL, District Judge, Retired, Assigned.

FOTH, C.J.: Robert D. Jones appeals from his jury conviction of aggravated excape from custody. In late August, 1981, defendant was in the Allen County jail awaiting trial for felony theft. Under court order he was taken by the sheriff to a Coffeyville hospital for treatment by a Coffeyville doctor for a heart condition. Under the doctor's orders he was transported by ambulance to a hospital in Kansas City, Missouri. About a week later he was released from the Missouri hospital. In May, 1982, he was apprehended in California and returned to Allen County for trial on the original theft charge and on the present escape charge.

We first conclude that defendant's failure to return constituted an "escape" under the aggravated escape statute, K.S.A. 21-3810. At the time of the offense "escape" was defined in K.S.A. 21-3809 to include "failure to return to custody following temporary leave lawfully granted pursuant to express authorization of law or order of a court." Defendant's delivery to the hospital for treatment was "temporary leave lawfully granted pursuant to . . . order of a court."

Second, the crime was one over which Kansas had jurisdiction. K.S.A. 21-3104(3) says defendant's "omission to perform a duty imposed by the law of this state," *i.e.,* to return to custody, resulted in a crime "within the state." As the Judicial Council note reflects, the statute codifies the common law principle that a person may commit a crime within this state while remaining

outside it, and such crime may be an act of omission as well as an act of commission. See *In re Fowles,* 89 Kan. 430, 131 Pac. 598 (1913).

Finally, if the crime was committed in Kansas it logically had to be committed in some county in the state, where venue would lie under K.S.A. 22-2602. Allen County was the proper county, being the one where the order of "temporary leave" was entered and to which defendant was obligated to return.

Affirmed.